IN THE UNITED STATED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | |
|---|---|
| GLENDA C. DELK,<br><br>Plaintiff,<br><br>v.<br><br>HOME QUALITY MANAGEMENT, INC.,<br>and HOME QUALITY MANAGEMENT,<br>INC., d/b/a FENTRESS COUNTY CARE<br>& REHABILITATION CENTER,<br><br>Defendants. | NO. 2:06-00021<br>JUDGE HAYNES |

## MEMORANDUM

Plaintiff, Glenda C. Delk, filed this action against the Defendants: Home Quality Management, Inc., and Home Quality Management, Inc., doing business as Fentress County Care and Rehabilitation Center, her former employer under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e et seq., the Civil Rights Act of 1871, 42 U.S.C. § 1983 and the Equal Pay Act, 29 U.S.C. § 206. Plaintiff also asserts state law claims under the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. § 4-21-101 et seq., as well as state common law claims for breach of an implied or oral contract, intentional infliction of emotional distress, wrongful termination, defamation and negligent supervision.

Before the Court are the Defendants' motion to dismiss (Docket Entry No. 7) and motion for sanctions under Fed. R. Civ. P. 11 (Docket Entry No. 19). In their motion to dismiss, the Defendants contend, in sum; (1) that Plaintiff's Title VII, § 1983 and THRA claims are time barred; (2) that Plaintiff failed to exhaust her administrative remedies for her Title VII and THRA claims; (3) that the Defendants possess an absolute privilege against Plaintiff's defamation claim arising from her

state unemployment benefits proceeding; and (4) that as an employee at will, Plaintiff's state law claims for breach of contract fails to state a claim for relief. In their Rule 11 motion, the Defendants argue that based upon the legal authorities cited in support of its motion to dismiss, Plaintiff's claims are clearly lacking in merit. The Defendant contends that Plaintiff's filing and pursuit of this action and refusal to withdraw her claims after the defendant served notice on the authorities in its motion to dismiss, justify an award of sanctions.

In response, the Plaintiff argues that the four years limitation statute, 28 U.S.C. § 1658, applies to her Section 1983 claims. Plaintiff also contends that she did not learn the origin of her termination until months after her termination. Plaintiff and her counsel deny any improper motive in filing this action. See Docket Entry Nos. 27 through 30.

### A. Analysis of the Motions

#### 1. Motion to Dismiss

#### a. Analysis of the Complaint

Home Quality hired Plaintiff in September 2002 as the Social Service Director at its long-term care facility in Jamestown, Tennessee. (Docket Entry No. 9, Hall Declaration at ¶¶ 4, 5). Plaintiff's employment application reflects that she was an "at-will" employee and either Plaintiff or Home Quality "may terminate the employment relationship at any time, with or without cause." Id. at ¶ 5 and Exhibit 1 thereto. In addition, Plaintiff's application provided that "neither this Application nor any other Employer communication I may receive constitutes an employment contract." Id. Home Quality's employee handbook that Plaintiff received, states that Home Quality employees are employees at-will and are not employed under any contract of employment, implied or otherwise. Id. at ¶ and Exhibit 2.

2

Plaintiff was terminated on January 26, 2005, for her failure to report abuse at the long-term care facility at which she worked. After her termination, Plaintiff applied for unemployment compensation benefits that were initially denied, but were awarded after her successful appeal. Id. at ¶ 17.

Plaintiff has not alleged in her complaint nor shown in her response to the Defendant's motion to dismiss that she filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") or the Tennessee Human Rights Commission ("THRC"), or that she received a Notice of Right to Sue from either administrative agency to file her Title VII complaint.

### B. Conclusions of Law

A complaint cannot be dismissed for failure to state a claim unless the plaintiff fails to allege facts that would entitle her to relief. Haines v. Kerner, 404 U.S. 519, 521 (1972). The complaint must be construed in a light most favorable to the Plaintiff. Scheuer v. Rhodes 416 U.S. 232, 236 (1974). The complaint must contain either direct or inferntial allegations that set forth the essential, or material elements of a claim under a viable legal theory. Lewis v. ACB Business Services, Inc., 135 F.3d 389, 406 (6th Cir. 1998). Mere legal conclusions are insufficient. Id. at 405.

Plaintiff failed to allege that she file an administrative charge of discrimination with either the EEOC or the THRC. This filing is required as a condition precedent for her Title VII action. Zipes v. T.W.A., 455 U.S. 385, 392-98 (1982). Moreover, Plaintiff's claims are also for conduct beyond the three hundred days limitations period for alleged discriminatory, retaliation, or harassing conduct under Title VII and are therefore time-barred. Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); 42 U.S.C. § 2000e-5(e)(1). Plaintiff's EPA claim fails to allege any facts of the Defendant's disparate treatment of her compensation and fails to comply with Lewis's pleading

3

standards.

For her § 1983 claims, Plaintiff asserts violations of her First and Fourteenth Amendment rights. First, these constitutional claims can be asserted only against a defendant who acts under color of state law. NCAA v. Tarkanian, 488 U.S. 179, 191 (1988). There are exceptions to this rule, but Plaintiff's allegations do not satisfy this requirement nor any of the exceptions thereto. Moreover, the limitations period for an action under 42 U.S.C. § 1983, is defined by the relevant state law. Sharpe v. Cureton, 319 F.3d 259, 266 (6th Cir. 2003). Under Tennessee law, the applicable state statute of limitations period is one year for civil rights claims arising in Tennessee. Tenn. Code Ann. § 28-3-104(a); Merriweather v. City of Memphis, 107 F.3d 396, 398 (6th Cir. 1997). A "closely related" issue is the question of tolling of that limitation period that is also governed by relevant state law. Wilson v. Garcia, 471 U.S. 261, 268-69 (1995). Plaintiff's action was not filed within one year of her termination. As discussed infra, her complaint does not allege facts to toll that statute. By its terms, the four year statute of limitations in Section 1658 applies to laws enacted by Congress after 1990. Thus, Section 1658 cannot apply to claims under the Section 1983 that was enacted in 1871. Banks v. City of Whitehall, 344 F.3d 550, 553 (6th Cir. 2003).

As to Plaintiff's claims under the THRA, the Tennessee Whistleblower Act, ("TWA") Tenn. Code Ann. § 50-1-304, for discrimination, harassment and retaliation arising out of her employment, and termination, those statutes also have a one year limitation period. Tenn. Code Ann. § 4-21-311(d).[1] Tenn. Code Ann. § 28-3-104(a)(1). See also Headrick v. Union Carbide Corp., 825 S.W.2d

---

[1]The statute provides in relevant part as follows: "A civil cause of action under this section shall be filed in chancery court or circuit court within one (1) years after the alleged discriminatory practice cases, and any such action shall supersead any complaint or hearing before the commissions concerning the same alleged violations and any such administrative action shall be closed upon such filing."

4

424, 425 (Tenn. Ct. Apps. 1991) ("damages in retaliatory discharge claims are for injuries personal to the employee"). The Court concludes that those claims are also time-barred.

To be sure, Plaintiff argues that her THRA did not "accrue" until several months after her termination because that was "when Fentress County Mayor John B. Mullinix made it known ... that he had caused the Defendants to terminate her employment." (Docket Entry No. 14, Plaintiff's Response at p. 7). In Holcomb v. Sverdrun Tech., Inc., 2001WL1386093 (Tenn. Ct. App. Nov. 8, 2001), the Tennessee Court of Appeals held that the THRA's statute of limitations begins on the date an employee is notified of an adverse employment action and the limitations period is not tolled until the employee "discovers" the "real" reason for the adverse employment action. Id. at *5. The Court concludes that Plaintiff's THRA and TWA claims are time-barred.

As to Plaintiff's claim of breach of the implied covenant of good faith and fair dealing, under Tennessee law, claims for "breach of contract, implied covenant of good faith and fair dealing" in employment cannot be asserted by at-will employees. Randolph v. Dominion Bank of Middle Tenn., 826 S.W.2d 477, 479-80 (Tenn. Ct. App. 1991). This claim is based upon an injury to the person, Headrick, 825 S.W.2d at 425, and is also barred by the one year statute of limitations, Tenn. Code Ann. § 28-3.104(a)(1). See also Harvey v. Martin, 714 F.2d 650, 652 (6th Cir. 1983) (claim for intentional infliction of emotional distress has one year statute of limitations); George v. Aventis Pharm., 252 F. Supp. 2d 599, 607 (W.D. Tenn. 2003) (claim for negligent supervision has one year statute of limitations).

Plaintiff's defamation claim has a six months limitations period and is also time-barred. See Tenn. Code Ann. § 28-3-103 ("Actions for slanderous words spoken shall be commenced within six (6) months after the words are uttered."). Any written statements allegedly made before March 6,

5

2005, are also time-barred. Id. § 28-3-104(a)(l) ("The following actions shall be commenced within one (1) year after the cause of action accrued: (1) Actions for libel.")

Next, Plaintiff does not dispute that State law provides an absolute privilege for the Defendants' communications to the State unemployment agency about Plaintiff's claim for unemployment benefits. Tenn. Code Ann. § 50-7-70 1(c). Thus, Plaintiff's defamation claims are barred as a matter of law.

### 2. Motion for Sanctions

In its motion for sanctions (Docket Entry No. 19),, the Defendant's counsel wrote Plaintiff's counsel a letter prior to the filing of the Defendant's motion for sanctions seeking an explanation of how Plaintiff's claims "are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." (Docket Entry No. 21, Peters at ¶ 2). On April 5 and again on April 14, 2006, Defendant's counsel and Plaintiff's counsel discussed the statute of limitations problems with Plaintiff's claims. Id. at ¶ 3. Plaintiff's counsel promised to respond to defense counsel's letter, but did not do so; apparently relying her response to the Defendant's motion to dismiss (Docket Entry No. 14).

In response, the Plaintiff argues that the four years limitation statute, 28 U.S.C. § 1658, applies to her Section 1983 claims. Plaintiff also contends that she did not learn the origin of her termination until months after her termination. Plaintiff and her counsel deny any improper motive in filing this action. See Docket Entry Nos. 27 through 30.

Rule 11 of the Federal Rules of Civil Procedure provides, in pertinent part:

> (b) Representation to Court. By presenting to the court (whether by signing, filing, submitting or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's

knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, --

>> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
>> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
>> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery[.]
>
> (c) Sanctions. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may . . . impose an appropriate sanction ...

Fed. R. Civ. P. 11(b) and (c).

"[T]he central purpose of Rule 11 is to deter baseless filings in district court," Cooter & Gell, 496 U.S. 384 393 (1990). Yet, "Rule [11] must be read in light of concerns that it will spawn satellite litigation and chill vigorous advocacy." Id. Rule 11 "'is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories.'" McGhee v. Sanilac County, 934 F.2d 89, 92 (6th Cir. 1991) (quoting Fed. R. Civ. P. 11 advisory committee's note). Rule 11 sanctions are appropriate when an attorney's conduct is not "reasonable under the circumstances." Manny v. G & G Mfg., Inc., 900 F.2d 953, 958 (6th Cir. 1990). A good faith belief in the merits of a case is insufficient to avoid sanctions. Id.

Here, Plaintiff fails to explain her lack of a response to defense counsel's letter. The Court does not discern any factual allegations or legal authorities that provide an arguable bases for the

7

claims asserted. From the Plaintiff's response, her real dispute is not with this Defendant. Except for her potential Section 1983 claim, the Court concludes that Plaintiff and her counsel's filing and continued pursuit of this action, after notice of the relevant legal authorities were unreasonable. Plaintiff's reliance on Section 1658 is clearly misplaced by that statute's wording, as the Sixth Circuit's ruling in <u>Banks</u> in 2003 makes clear. The Court concludes the Plaintiff's and her counsel's conduct in pursuing this action on the current complaint was unreasonable. Yet, the Sixth Circuit holds that a motion for Rule 11 sanction is unavailable unless the motion for sanctions is served on the opposing party for the full twenty-one day "safe harbor" period before the motion is filed with or presented to the court. <u>Ridder v. City of Springfield</u>, 109 F.3d 288, 295-297 (6th Cir. 1997). Failure to satisfy the procedural requirement is ground to deny a Rule 11 motion. <u>Id.</u>

Here, defense counsel served Plaintiff's counsel with his motion to dismiss during the safe harbor period, not his motion for sanctions. (Docket Entry No. 21, Exhibit A thereto). The Defendant did not comply with <u>Ridder</u> and its motion for sanctions should be denied.

It is so **ORDERED**.

**ENTERED** this the 28th day of August, 2006.

WILLIAM J. HAYNES, JR.
United States District Judge